❒ Original ❒ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

District of Oregon

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
Apple iPhone 13 Pro Max in a blue gray case, serial # CF26YD4RQG, currently located at 9109 NE Cascades Parkway, Portland, Oregon 97220

Case No. 3:26-mc-00897 - D

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the ______ District of Oregon
*(identify the person or describe the property to be searched and give its location)*:

Apple iPhone 13 Pro Max with blue gray case, serial # CF26YD4RQG, currently located at 9109 NE Cascades Parkway, Portland, Oregon 97220 as described in Attachment A4 hereto.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

The information and items set forth in Attachment B hereto.

**YOU ARE COMMANDED** to execute this warrant on or before September 23, 2026 *(not to exceed 14 days)*

❒ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to U.S. Magistrate Judge Youlee Yim You, via Clerk.
*(United States Magistrate Judge)*

❒ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

❒ for ____ days *(not to exceed 30)* ❒ until, the facts justifying, the later specific date of ______________.

Date and time issued: September 9, 2026 at 5:22 pm

Youlee Yim You
*Judge's signature*

UNITED STATES DISTRICT COURT DISTRICT OF OREGON

City and state: Portland, Oregon

Youlee Yim You, United States Magistrate Judge
*Printed name and title*

## Return

| Case No.: 3:26-mc-00897 - D | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: ______________________

______________________________
*Executing officer's signature*

______________________________
*Printed name and title*

## ATTACHMENT A4

### Property to Be Searched

The property to be searched is an Apple iPhone 13 Pro Max in a blue case, serial # CF26YD4RQG, and is currently located at the FBI Portland Evidence Control Room located at 9109 NE Cascades Parkway, Portland, Oregon 97220.

## ATTACHMENT B

### Items to Be Seized

1. All records on the Device described in Attachments A1, A2, A3, A4, A5 and A6 that relate to violations of 8 U.S.C. §§ 1349 and 1343, conspiracy to commit wire fraud and wire fraud and involve Daejon Labrayae Love (Love) and Taylor Jamie Chan (Chan) since 2013, including:

   a. All communications, photographs and videos involving Daejon Love, Taylor Chan, any co-conspirators, and victims including evidence of their conspiracy to commit wire fraud and launder proceeds of wire fraud including notes, names, addresses and other identification used in the transfer of money;

   b. Property records: deeds, contracts, rental documents, and other evidence related to the rental property, income and expenses of Love, Chan, any co-conspirators, and victims;

   c. Indicia of occupancy, residency, and/or ownership of assets such as utility and telephone bills, canceled envelopes, rental records or payment receipts, leases, and mortgage statements;

   d. Evidence of personal property ownership: registration information, ownership documents, or other evidence of personal property such as documentation related to vehicles, boats, jewelry, international and domestic travel, hotel stays, and other evidence of unexplained wealth;

   e. Individual financial records, receipts, notes, and all records relating to income, profit, expenditures, or losses and/or laundering of money, such as:

f. Employment records: paychecks or stubs, records of employment tax withholdings and contributions, dividends, and stock certificates;

g. Savings accounts, statements, deposit tickets, ledger cards, register records, wire transfer records, correspondence, and withdrawal slips;

h. Checking accounts: statements, canceled checks, deposit tickers, credit/debit documents, wire transfer documents, correspondence and register records;

i. Loan accounts: financial statements and loan applications for all loans applied for, notes, loan repayment records, and mortgage records;

j. Collection account statements and other-related records;

k. Certificates of deposit: applications, purchase documents and statements of accounts;

l. Credit card accounts: credit cards, monthly statements, and receipts of use;

m. Receipts and records related to gambling wins and losses, or any other contest winnings;

n. Insurance: policies, statements, bills and claim-related documents

o. Documentation showing:

    i. The source, receipt, transfer, control ownership, and disposition of United States and/or foreign currency; and

    ii. Evidence of the obtaining, secreting, transfer, and/or concealment of assets and/or expenditures of money.

p. Records and information related to investments, real or fictitious

q. Records and information related to the San Francisco 49ers, other NFL teams, and the NFL at large.

r. Records and information related to bank accounts, investment accounts, and securities or commodities trading platforms.

s. Records and information related to

t. Information recording Love and Chan's schedule or travel from 2013 to August 24, 2026.

u. Bank records, checks, credit card bills, account information, and other financial records.

v. Identification documents and information pertaining to Love and Chan's travel.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3. Records evidencing the use of the Internet, including:

a. Records of Internet Protocol addresses used.

b. Records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

c. Records of data storage accounts and use of data storage accounts.

4. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

**Search Procedure**

5. The examination of a Device may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the Device to human inspection in order to determine whether it is evidence described by the warrant.

6. The review of a Device will be performed within a reasonable amount of time not to exceed 365 days from the date of execution of the warrant. If the government needs additional time to conduct this review, it may seek an extension of the time period from the Court within the original 365-day period from the date of execution of the warrant. If the government needs additional time to complete this review, it may seek an extension from the Court.

7. If, at the conclusion of the examination, law enforcement personnel determine that particular files or file folders on a Device or image do not contain any data falling within the scope of the warrant, they will not search or examine those files or folders further without authorization from the Court. Law enforcement personnel may continue to examine files or data falling within the purview of the warrant, as well as data within the operating system, file system, software application, etc., relating to files or data that fall within the scope of the warrant, through the conclusion of the case.

8. If an examination is conducted, and it is determined that a Device does not contain any data falling within the ambit of the warrant, the government will return the Device to its owner within a reasonable period of time following the search and will seal any image of the Device, absent further authorization from the Court.

9. If a Device contains evidence, fruits, contraband, or is an instrumentality of a crime, the government may retain the Device as evidence, fruits, contraband, or an

instrumentality of a crime or to commence forfeiture proceedings against the Device and/or the data contained therein.

10. The government will retain a forensic image of a Device for a number of reasons, including proving the authenticity of evidence to be used at trial, responding to questions regarding the corruption of data, establishing the chain of custody of data, refuting claims of fabricating, tampering, or destroying data, and addressing potential exculpatory evidence claims where, for example, a defendant claims that the government avoided its obligations by destroying data or returning it to a third party.